UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. THORNSLEY, | ) | CASE NO. 5:10-CV-01868-JRA |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security | ) | **ORDER AND DECISION** |
| | | |
| Defendant. | | |

This matter comes before the Court on Objections by the Plaintiff Charles E. Thornsley to the Report and Recommendation ("R & R") of the Magistrate Judge. This action was referred to the Magistrate for a Report and Recommendation on Plaintiff's Appeal of the Social Security Administration's decision to deny his application for a period of disability, disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq*. Plaintiff's objections were timely filed, and the Court now resolves the objections therein.

For the reasons stated below, Plaintiff's objections are overruled. The R & R is adopted and the finding of the Commissioner are AFFIRMED.

**I.  Facts**

Plaintiff is 49 years of age, has a limited education and is a veteran. Plaintiff currently receives a pension from the government for post traumatic stress disorder ("PTSD"), and in 2004 he began receiving mental health treatment from the Department of Veteran's Affairs ("VA"). Throughout his treatment at the VA, Plaintiff was regularly examined by VA clinical nurses and social workers. These medical personnel repeatedly diagnosed him with various mental health

problems, including depression, PTSD, marijuana abuse and remitting alcohol dependence. VA staff also assigned to Plaintiff Global Assessment of Functioning ("GAF") scores, which measured his difficulties in social and occupational functioning.

Plaintiff's past relevant work includes a full-time position at a roofing company. However, Plaintiff was fired from that job in 2004 for failing a drug test. Since 2004, his relevant work includes part-time jobs as a tow motor operator, janitor, and carpet cleaner. He also worked as a front desk monitor at the Brecksville VA Center as part of a rehabilitation plan.

Plaintiff applied for disability insurance benefits and supplemental social security income on August 21, 2006, claiming that he was disabled due to manic depression, chronic back pain and high blood pressure. The agency denied the application and Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a hearing on November 4, 2009. On December 14, 2009, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy and was not disabled.

The ALJ found that Plaintiff had medically determinable, severe impairments due to depression, PTSD, degenerative disc disease of the lumbar spine, chronic obstructive pulmonary disease and hypertension. Nevertheless, the ALJ concluded that these impairments, either singularly or in combination, did not meet or equal one listed in 20 C.F.R. Part 404, Subpart P, Appendix I, § 12.05. Despite finding that Plaintiff was not disabled, the ALJ concluded that Plaintiff was incapable of performing his past work activities and determined that he had a Residual Functional Capacity ("RFC") for a limited range of light work. The RFC restricted Plaintiff to simple and repetitive work with only occasional interactions with co-workers and no direct interaction with the general public. The ALJ's decision regarding Plaintiff's disability and

his RFC became the final decision of the Commissioner when the Appeals Council denied further review.

Plaintiff then filed the instant complaint. The matter was referred to a Magistrate Judge. On June 9, 2011, Magistrate Judge Greg White issued his R & R recommending that the Commissioner's decision be affirmed. Plaintiff's objections were timely filed, and the Commissioner has responded in opposition to the objections. The matter now appears before this Court.

## II. Standard of Review

District courts conduct *de novo* review of those portions of a magistrate judge's R & R to which specific objections are made. 28 U.S.C. § 636(b)(1). However, in social security cases, judicial review of a decision by the Commissioner is limited to determining whether the decision is supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard is met if "a reasonable mind might accept the relevant evidence as adequate to support a conclusion." *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). If substantial evidence supports the Commissioner's decision, this Court will defer to that finding "even if there is substantial evidence in the record that would have supported an opposite conclusion." *Id*. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference. *Mullen v. Bowen,* 800 F.2d 535, 545 (*citing Baker v. Heckler,* 730 F.2d 1147, 1150 (8th Cir. 1984)).

## III. Legal Analysis

Plaintiff's objects to the Magistrate Judge's conclusion that the ALJ had properly determined Plaintiff's RFC.

A claimant's RFC is an assessment of the "most [he] can do despite [his] limitations." 20 C.F.R. §§ 404.1545(a)(1); 416.945(a)(1). In making an RFC assessment, an ALJ must consider all symptoms and the extent to which those symptoms are consistent with the objective medical evidence. *Id.* §§ 404.1529; 416.929. An ALJ must also consider and weigh medical opinions. *Id.* §§ 404.1527; 416.927.

Social Security regulations require the ALJ to generally give greater deference to the opinion of a treating physician because:

> these sources are likely to be the medical professionals most able to provide a detailed longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations.

*Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (*quoting* 20 C.F.R. § 404.1527(d)(2)) (alteration sic). This deference, however, is only appropriate if the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record." *Wilson*, 378 F.3d at 544 (quoting 20 C.F.R. § 404.1527(d)(2) (alteration sic). "It is an error to give an opinion controlling weight simply because it is the opinion of a treating source if it…is inconsistent with other substantial evidence in the case record." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (*quoting* Soc. Sec. Rul. 96-2p, 1996 SSR LEXIS 9 at *9).

In his objections, Plaintiff contends that the Magistrate Judge erred in concluding that the ALJ's RFC assessment was support by Plaintiff's VA treatment records. Plaintiff asserts that there is substantial evidence to support that he is incapable of work because several treating and examining sources at the VA assigned him GAF scores indicating that he had a serious impairment in social and occupational functioning. The Court disagrees.

4

Plaintiff's arguments do not accurately reflect the totality of the medical evidence in Plaintiff's VA treatment records. Although a few staff members assigned Plaintiff GAF scores that clearly indicated a serious impairment in functioning, most of his scores indicated only moderate impairment or fell very high on the range of scores corresponding to serious impairment. Some of Plaintiff's treating physicians also assigned scores indicating a borderline serious impairment in functioning, but no treating physician or other evaluating medical source opined that Plaintiff was unable to work. In fact, several medical personnel noted that Plaintiff was "competent and employable." VA treatment notes routinely suggested that his medication for PTSD helped decrease his symptoms. Lastly, some sources noted inconsistencies and contradictions in Plaintiff's statements that seemed to indicate that Plaintiff could be exaggerating his responses or over-reporting his symptoms.

Moreover, the ALJ properly accounted for Plaintiff's limitations in social and occupational functioning as cited by VA medical staff in his RFC. In restricting Plaintiff's interpersonal interactions with co-workers, the ALJ incorporated the opinion of Dr. Young, one of Plaintiff's treating physicians, who found that Plaintiff's symptoms were "likely to cause work impairment…to the extent that he must work cooperatively with others and take direction from an authority figure." The ALJ also accommodated Plaintiff's issues with anxiety by limiting him to simple and repetitive work outside of a fast-paced production environment.

Further, the GAF scores indicating a serious impairment in functioning do not undermine the substantial evidence that supported the ALJ's decision. The Sixth Circuit has stated that "a [GAF] score may have little or no bearing on the subject's social and occupational functioning" because it merely "reflects the assessor's opinion that the subject has serious symptoms *or* serious impairment of…functioning." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 511

(6th Cir. 2006) (emphasis added). The court has further stated that the ALJ need even not "put stock in a GAF score in the first place." *Howard v. Comm'r of Soc. Sec.*, 276 F. 3d 235, 241 (6th Cir. 2002). The fact that that a majority of the GAF scores that Plaintiff cited fell barely within the range corresponding to serious impairment undermines Plaintiff's arguments.  Therefore, the Magistrate Judge correctly concluded that the ALJ's RFC assessment was supported by and consistent with Plaintiff's VA treatment records.

Plaintiff's second objection is that the Magistrate Judge erred when he concluded that under *Deskin v. Comm'r of Soc. Sec.,* the ALJ was not required to further develop the record prior to determining his RFC. *Deskin* states that "where the medical evidence shows relatively little…impairment, an ALJ can render a commonsense judgment about functional capacity even without a physician's assessment." *Deskin*, 605 F.Supp.2d 908 (N.D. Ohio 2008). Plaintiff asserts that because several treating and examining sources "repeatedly found [him] to have 'serious impairment in functioning,'" the medical evidence does not show relatively little impairment. As a result, Plaintiff argues that the Magistrate Judge erred in concluding that the ALJ was not required to order a physician's assessment, contact a treating source, or have a medical expert testify at Plaintiff's hearing. He asserts that the ALJ's failure to do so renders its RFC determination improper.

Even assuming that the medical evidence does not show "relatively little…impairment," the ALJ had substantial evidence to support its finding and was not required to further develop the record. The record contains opinions from several treating physicians at the VA who either indicated or explicitly stated that Plaintiff was capable of performing light work. In addition, Plaintiff's objection ignores that under Social Security regulations the ALJ was required to consider the medical evidence in its entirety. 20 C.F.R. §§ 404.1546(c), 416.946(c). In making an

RFC assessment, the ALJ has the responsibility for evaluating the medical evidence and the claimant's testimony, and he need not rely on medical opinions to interpret medical records. *Webb v. Comm'r of Soc. Sec.* 368 F.3d 629, 633 (6th Cir. 2004) (citations omitted). Further, "[a]n ALJ has discretion to determine whether further evidence, such as additional testing or expert testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2002).

In its evaluation of the medical evidence, an ALJ must also consider and weigh medical opinions and the extent to which those opinions are consistent with the objective medical evidence. 20 C.F.R. §§ 404.1527; 416.927. Indeed, if the opinion of a treating medical source is inconsistent with the other substantial evidence in the record, the ALJ need not to give it controlling weight.

Plaintiff's contention that he is unable to perform any type of work is inconsistent with substantial evidence in the record. As this Court stated above, the record does not contain any indication that Plaintiff was incapable of light work. As such, there is no explicit opinion to which this Court could give controlling weight that supports Plaintiff's contention that. On the contrary, several VA staff found him to be "competent and employable."

In addition, the record also contains substantial evidence of past relevant work, including the work at the Brecksville VA Center that had a significant interactive component. Furthermore, the clinical social worker at the Brecksville facility noted that his job performance was "very good," that he got along with most co-workers and that he handled supervision well. Thus, the evidence shows that Plaintiff is able to perform simple, repetitive work involving occasional interactions with co-workers.

For the above reasons, further development of the record was not necessary to properly determine Plaintiff's residual functioning capacity. As such, Plaintiff's objections are overruled.

7

**IV.     Conclusion**

IT IS ORDERED that the Magistrate Judge's Report and Recommendation is ADOPTED IN WHOLE. Final judgment is entered in favor of the Commissioner, AFFIRMING its findings.

IT IS SO ORDERED.


<u>August 9, 2011</u>                                                              <u>*/s/ Judge John R. Adams*</u>
                                                                                                JUDGE JOHN R. ADAMS
                                                                                                UNITED STATES DISTRICT COURT